# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD W. VEAL, | ) |
| Plaintiff, | ) ) |
| v. | ) Case No. CIV-08-387-FHS-SPS ) |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) ) ) |
| Defendant. | ) ) |

## REPORT AND RECOMMENDATION

The claimant Donald W. Veal requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. As discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater,* 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938). *See also Clifton v. Chater,* 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services,* 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488 (1951); *see also Casias,* 933 F.2d at 800-01.

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant is engaged in substantial gainful activity, or his impairment is not medically severe, disability benefits are denied. If he does have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant can perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen,* 844 F.2d 748, 750-51 (10th Cir. 1988).

**Claimant's Background**

The claimant was born on September 10, 1964, and was forty-three years old at the time of the administrative hearing. He is a high school graduate, earned a certificate in animal science from Eastern Oklahoma State College, and previously worked as a military police officer and as a line-tech and senior field technician for a cable company. The claimant alleges that he has been unable to work since June 30, 2005 due to back pain, trouble with his elbow and ankle, arthritis, depression, and Post Traumatic Stress Disorder ("PTSD").

**Procedural History**

On October 6, 2005, the claimant filed an application for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, which application was denied. ALJ Michael A. Kirkpatrick conducted an administrative hearing on and determined that the claimant was not disabled in a written opinion dated April 17, 2008. The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform a wide range of medium work, *i. e.,* he could lift/carry 25 pounds frequently and lift no more than 50 pounds frequently, limited to simple, unskilled (but not detailed or complex) tasks that do not require interaction with the general public (Tr. 18). The ALJ concluded that although the claimant could not return to past relevant work (Tr. 18), he was nevertheless not

disabled because there was work he could perform existing in the national economy, *e. g.*, general laborer, cleaner and packager (Tr. 26-27).

**Review**

The claimant contends that the ALJ erred: (i) by failing to properly consider the opinion of his treating physician, Dr. Roy T. Maxwell; (ii) by refusing to find that he met the requirements for PTSD; and (iii) by failing to properly consider the VA's rating of his limitations. The undersigned Magistrate Judge finds that the ALJ *did* fail to properly analyze whether the claimant suffered from PTSD, and the decision of the Commissioner should therefore be reversed.

The claimant's medical records reveal that no less than five physicians indicated in writing that the claimant had been diagnosed with PTSD: (i) Dr. Everett E. Bayne, who diagnosed the condition in a report dated January 6, 2006 (Tr. 169); (ii) Dr. Janice B. Smith, a psychologist who noted the diagnosis in a psychiatric review technique form dated February 23, 2006 (Tr. 157, 164); (iii) Dr. Roy T. Maxwell, one of the claimant's treating physicians, who diagnosed the condition in a group psychotherapy report dated September 20, 2007 (Tr. 173); (iv) Dr. Angela Houston, who diagnosed the condition in a letter dated January 14, 2008 (Tr. 118); and (v) Dr. Umar Saeed, who opined that the claimant needed continued treatment for PTSD in a letter dated January 15, 2008 (Tr. 117). Rather than weigh this opinion evidence by the familiar standard set forth in *Langley v. Barnhart,* 373 F.3d 1116 (10th Cir. 2004), the ALJ concluded *for himself* that the claimant did not have PTSD because "the claimant never actually saw combat or even deployed with his squadron." (Tr. 16). The ALJ added that "[t]he claimant was never in

danger. Knowing other people who went to war (the alleged 'traumatic' event) does not meet the diagnostic criteria for post traumatic stress disorder." (Tr. 17).

The ALJ's determination that the claimant did not meet the diagnosis for PTSD was clearly erroneous. While the ALJ might legitimately have rejected all five of these medical opinions by analyzing them one by one under *Langley* and denying them any weight, *see, e. g., Hamlin v. Barnhart,* 365 F.3d 1208, 1215 (10th Cir. 2004) ("An ALJ must evaluate every medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional[.]"), *citing* 20 C.F.R. § 404.1527(d), the ALJ was *clearly not* free to substitute his own opinion for those of *any* of the physicians, *see, e. g., Kemp v. Bowen,* 816 F.2d 1469, 1476 (10th Cir. 1987) ("While the ALJ is authorized to make a final decision concerning disability, he can not interpose his own 'medical expertise' over that of a physician[.]"). *See also McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002) ("In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and *not due to his or her own credibility judgments, speculation or lay opinion*.") [emphasis in original], let alone the claimant's treating physicians. *See Miller v. Chater,* 99 F.3d 972, 977 (10th Cir. 1996) ("The ALJ may not substitute his own opinion for that of claimant's doctor."), *citing Sisco v. United States Department of Health & Human Services,* 10 F.3d 739, 743 (10th Cir. 1993) and *Kemp*.

Because the ALJ failed to properly consider the evidence of the claimant's PTSD, the undersigned Magistrate Judge concludes that the Commissioner's decision should be reversed and the case remanded to the ALJ for further analysis. The ALJ should also consider on remand whether his reevaluation of the PTDS evidence necessitates a reevaluation of the opinions of any of the claimant's treating physicians, including Dr. Maxwell, under *Langley*. If any of this analysis results in adjustments to the claimant's RFC, the ALJ should re-determine what work, if any, the claimant can perform and ultimately whether he is disabled.

## Conclusion

In summary, the undersigned Magistrate Judge PROPOSES a finding that correct legal standards were not applied and the decision of the Commissioner is therefore not supported by substantial evidence, and accordingly RECOMMENDS that the decision of the Commissioner be REVERSED and the case REMANDED to the ALJ for further proceedings consistent herewith. The parties shall have fourteen days to file objections to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2).

**DATED** this 16th day of March, 2010.

**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**